```
MELINDA HAAG (CABN 132612)
United States Attorney
THOMAS MOORE  (ASBN 4305-T78O)
Assistant United States Attorney
Chief, Tax Division
BLAKE D. STAMM (CTBN 301887)
Assistant United States Attorney
 11th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:    (415) 436-7063
 Fax:          (415) 436-7009
```

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. C-08-4371 MMC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | [~~proposed~~] JUDGMENT and |
| v. | ) | DECREE OF SALE |
| | ) | |
| DOUGLAS CARAWAY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The motion for summary judgment filed September 9, 2011 by plaintiff United States of America having come before the Court and no opposition thereto having been filed, said motion is hereby GRANTED, and the Court having reviewed the Summary Judgment orders entered against Douglas Caraway on December 14, 2010, and May 25, 2011 and good cause appearing, IT IS ORDERED,

1. That plaintiff United States of America shall have judgment against and recover from defendant, Douglas Caraway, for the tax years 1999, 2000, 2001, 2002, 2003 and 2004 the sum of $163,897.25 plus statutory additions which have and will continue to accrue as provided by law from December 7, 2010 until paid.

2. That plaintiff United States of America shall have judgment against and recover from defendant, Douglas Caraway, for the tax years 1995 and 1998 the sum of $17,737.10 statutory additions which have and will continue to accrue as provided by law from May 25, 2011, until paid.

3. Judgment is to accrue interest at the rate provided by 26 U.S.C. § 6621.

//

IT IS FURTHER ORDERED,

4. Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court rules and orders as follows:

5. Douglas Caraway owns the real property located at 734 Neal Avenue, San Carlos, California 94070, and described in the Official Records in the office of the County Recorder, San Mateo County, California, describing the real property (hereinafter the "Property") as follows:

> THE NORTHWESTERLY 50 FEET, FRONT AND REAR MEASUREMENTS OF LOT 2, as shown on that certain map entitled "REDWOOD HEIGHTS QUARTER ACRES, A SUBDIVISION OF LOTS 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 of REDWOOD HEIGHTS NEAR REDWOOD CITY, SAN MATEO COUNTY, CALIFORNIA", which map was filed in the office of the Recorder of the County of San Mateo, State of California, on June 16, 1919, in Book 10 of Maps at page 20.

APN 051-142-140                          JPN 051-014-142-14

6. The United States Marshal for the Northern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale as set forth in this Order.

7 The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser(s).

8. The terms and conditions of the sale of the property are as follows:

   a. the sale of the Property shall be free and clear of the interests of: Douglas Caraway; Fremont Bank; the State of California Employment Development Department; the State of California Franchise Tax Board; the San Joaquin County District Attorney's Office, Family Support Division; Chester J. Gilbert; Collectronics, Inc.; John Eggli; Collection Bureau of America; Amanda Hummel; Fred Hummel; and Stephen Caraway;

//

  b. the sale shall be subject to the building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the property, and easements and restrictions of record, if any;

  c. the sale shall be held at the courthouse of the county or city where the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

  d. the date and time for sale are to be announced by the United States Marshal, his representative, or a PALS;

  e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in San Mateo County, and at the discretion of the Marshal, his representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of the sale in this order of sale;

  f. the minimum bid will be set by the United States of America. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

  g. the successful bidder(s) shall be required to deposit at the time of the sale with the Marshal, his representative, or a PALS a minimum of Ten Thousand Dollars ($10,000), with the deposit to be made by a certified or cashier's check payable to the Marshal, his representative, or a PALS, whoever conducted the sale.

   Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

  h. the balance of the purchase price for the Property is to be paid to the United States Marshal or a PALS (whichever person is conducting the sale) within twenty (20) days after the date the bid is accepted, by a certified or cashier's check payable to the Marshal, his representative, or

1  a PALS, whoever is conducting the sale. If the bidder fails to fulfill this requirement, the deposit shall
2  be forfeited and shall be applied to cover the expenses of the sale, including commissions due under
3  28 U.S.C. § 1921(c), with any amount remaining to be applied to the tax liabilities of Douglas
4  Caraway at issue herein.  The Property shall be again offered for sale under the terms and conditions
5  of this order of sale.  The United States may bid as a credit against its judgment without tender of
6  cash;

7       i.     the sale(s) of the property shall be subject to the confirmation by this Court.
8  The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of
9  confirmation of sale and proposed deed, within 20 days from the date of the balance of the purchase
10 price;

11      j.     on confirmation of the sale, all interests in, liens against, or claims to, the
12 property that are held or asserted by all parties to this action (as stated in (a) above) are discharged and
13 extinguished;

14      k.     on confirmation of the sale, the recorder of deeds San Mateo County, California
15 shall cause transfer of the properties to be reflected upon that county's register of title; and

16      l.     the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of
17 redemption.

18      9.     Until the Property is sold, defendant Douglas Caraway shall take all reasonable steps
19 necessary to preserve the properties (including all building improvements, fixtures and appurtenances
20 on the property) in its current condition, including, without limitation, maintaining a fire and casualty
21 insurance policy on the property.  He shall neither commit waste against the property nor cause or
22 permit anyone else to do so.  He shall neither do anything that tends to reduce the value or
23 marketability of the property, nor cause or permit anyone else to do so.  He shall not record any
24 instruments, publish any notice, or take any other action (such as running newspaper advertisements or
25 posting signs) that may directly or indirectly tend to adversely affect the value of the property or that
26 may tend to deter or discourage potential bidders form participating in the public auction, nor shall he
27 cause or permit anyone else to do so.

28      10.     All persons occupying the Property shall leave and vacate the property permanently

[proposed] **JUDGMENT & DECREE OF SALE**
(NO. C-08-4371–MMC)     4

withing thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person(s) from the premises, whether or not the sale of such property is being conduction by a PALS. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be distributed pursuant to further Order of this Court. See, e.g., United States v. Burdline, 205 F.Supp.2d 1175, 1180-81 (W.D. Wash. 2002) (ordering sale proceeds from tax foreclosure to be distributed first to allowed costs of state); cf. 26 U.S.C. § 6342 (providing that, where the United States seizes and sells property in satisfaction of a federal tax lien, the proceeds of the sale shall be used first to pay the "[e]xpense of levy and sale").

   The proceeds arising from sale are to be held and distributed by the United States Marshal or PALS, whoever sold the real property, pursuant to the Order confirming the sale of the real property and ordering disbursal of the sale proceeds.

   DATED this   16th   day of   November  , 2011.

BY THE COURT:

_____
MAXINE M. CHESNEY
United States District Judge

[proposed] JUDGMENT & DECREE OF SALE
(NO. C-08-4371–MMC)       5