<div style="writing-mode: vertical">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>  v.<br><br>DOUGLAS R. CARAWAY, et al.<br><br>    Defendants<br>_____/ | No. C 08-4371 MMC<br><br>**ORDER DIRECTING GOVERNMENT TO FILE OPPOSITION; DENYING DEFENDANT'S REQUEST FOR STAY** |

    Before the Court is defendant Douglas R. Caraway's ("Caraway") letter, filed February 5, 2013, which letter the Court construes as a motion for relief, pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, from the Court's November 18, 2011 Amended Judgment and Decree of Sale,[1] on the grounds set forth in Caraway's filing of November 16, 2012.[2] Caraway asserts "time is of the essence" as the sale is scheduled to be conducted on February 12, 2013. (See Def.'s February 5, 2013 filing.) Having read and considered the motion, the Court rules as follows.

---

[1] By said judgment, the Court granted the government's Motion for Summary Judgment and Decree of Sale, thereby authorizing the government to offer for public sale Caraway's property located at 734 Neal Avenue, San Carlos, California.

[2] Said filing was ordered stricken on the grounds that Caraway was represented by counsel at the time of the filing and a stay of the action was in effect based on Caraway's bankruptcy proceedings. On December 19, 2012, the Court lifted the stay, and on January 23, 2013, the Court granted Caraway's counsel's motion to withdraw.

1. In light of the immediacy of the sale of Caraway's property, the government is hereby DIRECTED to file any opposition to the Rule 60(b) motion, no later than 12:30 p.m. on February 8, 2013, addressing the various factors bearing on the Court's determination, see Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000), and, in particular, any prejudice the government may suffer if the motion is granted at this late stage of the proceedings.

2. Caraway's Rule 60(b) motion, read liberally, requests a stay of the order authorizing the sale pending resolution of said motion. Caraway, however, has failed to identify the grounds by which he would oppose the government's Motion for Summary Judgment and Decree of Sale, and none is apparent. Consequently, Caraway has failed to show any likelihood of his successfully precluding a sale. Cf. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (holding, in context of preliminary injunction, party seeking injunction "must establish that he is likely to succeed on the merits"); Nken v. Holder, 556 U.S. 418, 426 (2009) (holding party seeking stay of judgment pending appeal must show, inter alia, likelihood of success on the merits).

Accordingly, Caraway's request for a stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 6, 2013

_____
MAXINE M. CHESNEY
United States District Judge

2