IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DOUGLAS R. CARAWAY, et al.<br><br>　　　　　Defendants　　　　　　　　　／ | No. C 08-4371 MMC<br><br>**MEMORANDUM OF DECISION RE: ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT** |

　　　Before the Court is defendant Douglas R. Caraway's ("Caraway") letter, filed February 5, 2013, which the Court construes as a motion,[1] pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, for relief from the Court's November 18, 2011 Amended Judgment and Decree of Sale.[2] On February 11, 2013, in light of the imminency of the subject sale, the Court issued its ruling on said motion. By the instant memorandum of decision the Court now sets forth its findings and conclusions in support thereof.

## BACKGROUND

　　　On September 17, 2008, the government filed suit "to reduce to judgment outstanding tax assessments against defendant Douglas R. Caraway and to foreclose

---

[1] The Court construes such motion as incorporating by reference Caraway's Motion for Relief from Judgment, filed November 16, 2012. (See Doc. Nos. 106-108.)

[2] The original Judgment and Decree of Sale was filed November 16, 2011 (see Doc. No. 90); the changes made by the Amended Judgment pertain only to post-sale matters and are not relevant to the instant motion.

federal tax liens upon real property located at 734 Neal Avenue, San Carlos, California." (See Doc. No. 1 at 1:26-28.) On December 14, 2010, pursuant to stipulation, the Court entered partial judgment against Caraway in the amount of $163,897.25, comprising "federal taxes, interest and penalties" for the tax years 1999 through 2004. (See Doc. No. 48.) On April 27, 2011, the Court granted Caraway's attorneys' motion to withdraw. (See Doc. No. 58.) On May 25, 2011, the Court granted partial summary judgment in favor of the government in the amount of $17,737.10, comprising "unpaid tax assessments" for the tax years 1995 and 1998. (See Doc. No. 56 at 4:8-9; Doc. No. 62.) On September 9, 2011, the government filed a Motion for Summary Judgment and Decree of Sale, seeking an order directing the sale of the above-referenced property (see Doc. No. 79 at 2:1-3); no opposition was filed.

On November 6, 2011, Caraway retained new counsel. (See Doc. No. 113 at 2:15.) On November 16, 2011, the Court entered a Judgment and Decree of Sale (see Doc. No. 91), amended November 18, 2011, by which the Court granted the government's motion, thereby authorizing the government to offer the above-referenced property for public sale (see Doc. No. 95); see also 26 U.S.C.A. § 7403 (providing district court, "in all cases where a claim or interest of the United States . . . is established, may decree a sale of the [delinquent taxpayer's] property"). On February 14, 2012, Caraway's attorney moved to withdraw. (See Doc. No. 97.)

On February 22, 2012, Caraway, proceeding pro se, filed a bankruptcy petition pursuant to Chapter 13, see Case No. 12-30551 (Bankr. N.D. Cal.), resulting in an automatic stay of the instant case against Caraway (see Doc. No. 100),[3] after which this Court, on March 8, 2012, entered an order conditionally closing the case (see Doc. No. 104). On March 16, 2012, the Bankruptcy Court, citing Caraway's failure to file required documents, dismissed Caraway's Chapter 13 petition, and, on March 21, 2012, lifted the

---

[3] In light of the automatic stay, the Court vacated the hearing on Caraway's attorney's motion to withdraw. (See Doc. No. 105.)

2

stay.  (See Case No. 12-30551 (Bankr. N.D. Cal.), Doc. Nos. 17, 19.)  On March 31, 2012, Caraway, through an attorney, filed a bankruptcy petition pursuant to Chapter 7. (See Case No. 12-31009 (Bankr. N.D. Cal.), Doc. No. 1.)  Caraway took no other action in that case, and, on April 30, 2012, the Bankruptcy Court, citing Caraway's failure to comply with the Bankruptcy Court's order requiring Caraway to provide his social security number and list of creditors, dismissed the Chapter 7 petition, and, on May 22, 2012, lifted the automatic stay.[4]  (See Case No. 12-31009 (Bankr. N.D. Cal.), Doc. Nos. 13, 15.)  On December 17, 2012, this Court was informed by the government that the above-referenced stays had been lifted.  (See Doc. No. 111.)

In the interim, on November 16, 2012, Caraway filed a Motion for Relief from Judgment (see Doc. No. 106), which the Court ordered stricken for the reason that the stay of the instant action, to the Court's knowledge, was still in effect and because Caraway was represented by counsel of record (see Doc. No. 110).  On December 19, 2012, after the government notified the Court that Caraway's bankruptcy case had been dismissed, the Court reopened the instant case.  (See Doc. No. 112.)  On January 4, 2013, Caraway's attorney renewed her motion to withdraw (see Doc. No. 113), which, on January 23, 2013, the Court granted (see Doc. No 114).  Thereafter, on February 5, 2013, Caraway filed the above-referenced letter, which, as noted above, the Court construes as a motion for relief from the Amended Judgment and Decree of Sale.  The subject property is scheduled to be sold on February 12, 2013.  (See Doc. No. 115 at 3.)

## DISCUSSION

In his motion, Caraway argues he is entitled to relief from the Amended Judgment

---

[4] In its order lifting the stay, the Bankruptcy Court makes reference to an earlier bankruptcy petition filed by Caraway and likewise dismissed for failure to comply with the Bankruptcy Court's orders.  (See Case No. 12-31009 (Bankr. N.D. Cal.), Doc. No. 15 (noting Case No. 12-31009 "is the third petition for relief filed by the above-named debtor . . . , all of which have been dismissed for failure to comply with orders of the [Bankruptcy] Court").)

3

and Decree of Sale based on "excusable neglect." (See Doc. No. 107 at 1:21.)[5] In that regard, Caraway states a "series of strokes . . . left him temporarily unable to respond or participate in any meaningful way" to the government's motion for summary judgment. (See Doc. No. 107 at 1.) In particular, Caraway states that on March 11, 2011, he "suffered the first of several strokes that . . . left [him] confused and unable to participate meaningfully in this case for months" (see Doc. No. 108 at 2:1-2), and that on August 2, 2011, he "suffered at least one more stroke . . . , and was hospitalized until August 6, 2011" (see Doc. No. 108 at 2:2-3). Caraway seeks leave to file an opposition to the government's Motion for Summary Judgment and Decree of sale.

A district court, "[o]n motion and just terms," may provide relief "from a final judgment, order, or proceeding for," inter alia, "excusable neglect." See Fed. R. Civ. Pro. 60(b)(1). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000). These factors are "not exclusive, but . . . 'provide a framework with which to determine whether missing a filing deadline constitutes excusable neglect.'" See id. at 1224 (quoting Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997)).

As to the first factor, the government asserts it "has incurred costs associated with [the upcoming] sale, as well as . . . prior intended sales which did not occur due to delay associated with the bankruptcy filings." (See Doc. No. 117 at 6:27-7:1.) Were the Court to grant Caraway's motion for relief, the government would incur further expense and delay

---

[5] A motion under Rule 60(b) based on excusable neglect "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." See Fed. R. Civ. Pro. 60(c)(1). Consequently, even if Caraway's motion could be read to request relief from either or both of the Court's earlier orders filed December 14, 2010 and May 25, 2011, i.e., the orders that established Caraway's tax liability, any such relief would be precluded as more than a year has passed since those orders issued, even assuming tolling during the periods in which the automatic stay was in effect.

4

1  because it would be required to again publish notice of the sale and wait at least a month
2  before conducting the sale.  See 28 U.S.C. § 2002 (providing "public sale of realty . . . shall
3  not be made without noticed published once a week for at least four weeks prior to the sale
4  in at least one newspaper").  Accordingly, the Court finds the government would be
5  prejudiced by any further delay in the sale of the subject property, and this factor thus
6  weighs against the Court's granting the instant motion.
7         With respect to the second factor, the length of delay and potential impact on the
8  proceedings, the Court notes at the outset that the instant action has been pending for
9  almost four and a half years, and execution of the Court's judgment and decree of sale has
10 been delayed for more than a year.  Moreover, as noted, any further delay of the
11 proceedings will not only delay resolution of the matter but also result in the government's
12 having expended, to no productive end, both time and funds in connection with the
13 upcoming sale.  Consequently, this factor likewise weighs against granting the relief sought
14        The third factor, the reason for the delay, also weighs against granting relief.  The
15 Amended Judgment and Decree of Sale was issued on November 18, 2011.  Although
16 Caraway was unrepresented at the time his opposition to the government's motion was due
17 and states he had suffered several strokes earlier that year, he had retained an attorney
18 prior to the Court's ruling, and, consequently, could have filed a request for an extension or,
19 in the alternative, awaited judgment and then filed a motion for relief therefrom based on
20 the same reasons asserted in the instant motion or any other reason pertaining at the time.
21 Caraway, however, did not file opposition or seek relief from the judgment at such time, but
22 elected instead to attempt a settlement with the government.  (See Doc. No. 113 at 2:16-18
23 ("On or about December 27, 2011, [Caraway's attorney] submitted a Settlement Offer on
24 behalf of [d]efendant to the Department of Justice attempting to negotiate an installment
25 agreement to pay off his liabilities and to prevent the sale of the property."); Doc. No. 113 at
26 2:19-21 ("The Settlement Offer was rejected by the government on or about January 5,
27 2012 and the government commenced proceedings for the sale of the property located at
28

734 Neal Avenue."); see also Opp'n (Doc. No. 117) at 3:3-6 (referencing offer to settle and rejection thereof).)

Moreover, Caraway was able to file a pro se petition for bankruptcy in February 2012, just three months after this Court's judgment issued, and the following month he retained counsel to file another petition on his behalf. Further, both said bankruptcy cases had been dismissed and all bankruptcy stays had been lifted as early as May 22, 2012, thus permitting the filing of the instant motion shortly thereafter. As noted, however, Caraway did not inform this Court that the stays had been lifted by the Bankruptcy Court and then waited until the 365th day from the date of the initial Judgment and Decree of Sale before filing his motion for relief. Under such circumstances, Caraway fails to show good cause for his delay in filing the instant motion.

With respect to the fourth factor, whether Caraway acted in good faith, the Court finds the evidence is insufficient to support a finding that Caraway acted otherwise. Consequently, this factor is either neutral or weighs slightly in favor of granting the relief sought.

Lastly, affording Caraway an opportunity to oppose the government's motion would likely provide Caraway with no relief other than further delay. The Court, as noted, has entered judgments by which Caraway's tax liability has been determined and from which the statutory deadline for seeking relief has passed. Once such tax liability is established, the granting of a motion for a forced sale pursuant to § 7403 is almost inevitable. (See United States v. Rodgers, 461 U.S. 677, 709 (1983) ("We can think of virtually no circumstances . . . in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself.").[6] Indeed, Caraway has identified no legal basis for any opposition to the government's motion, but, rather, seeks an additional opportunity to negotiate a settlement with the government. (See Doc. No. 115

---

[6] Although the Court has the discretion to postpone the forced sale, see id. n.39, the Court, for the reasons discussed above, finds the equities here do not favor a postponement.

at 2-3 ("If I could merely talk to the tax advocate or the IRS, I am sure that I will be able to settle my tax liability to their satisfaction").)

**CONCLUSION**

The Court, having considered the relevant factors, finds those factors weigh against the Court's granting the relief sought.

Accordingly, as set forth in the Court's order on February 11, 2013, Caraway's motion for relief from judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 12, 2013

MAXINE M. CHESNEY
United States District Judge