IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 08-4371 MMC |
| Plaintiffs, | **ORDER DENYING MOTION FOR STAY PENDING APPEAL** |
| v. | |
| DOUGLAS R. CARAWAY, et al. | |
| Defendants | |

Before the Court is defendant Douglas R. Caraway's ("Caraway") Motion for Stay Pending Appeal, filed June 24, 2013. The government has filed opposition; Caraway has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

**PROCEDURAL BACKGROUND**

On September 17, 2008, the government brought suit "to reduce to judgment outstanding federal tax assessments against . . . Caraway" for tax year 1995 and also tax years 1998 through 2004. (See Compl. ¶¶ 1, 20.) On December 14, 2010, the Court granted the parties' stipulation for partial judgment in the amount of $163,897.25 for the years 1999 through 2004. (See Order, filed Dec. 14, 2010.) On April 22, 2011, the

---

[1] By order filed July 29, 2013, the Court deemed the matter suitable for decision on the parties' respective written submissions and vacated the hearing set for August 2, 2013.

government filed a motion for summary judgment, seeking partial judgment against Caraway in the amount of $17,737.10 for the remaining two years, 1995 and 1998. (See Mot. filed Apr. 22, 2011.) On May 25, 2011, the Court granted the motion and entered partial judgment against Caraway in the amount of $17,737.10. (See Order, filed May 25, 2011.)

Thereafter, on September 9, 2011, the government moved for summary judgment, in this instance seeking an order authorizing the government to offer plaintiff's real property for public sale. (See Mot., filed Sept. 9, 2011); see also 26 U.S.C.A. § 7403 (providing district court, "in all cases where a claim or interest of the United States . . . is established, may decree a sale of the [delinquent taxpayer's] property"). On November 18, 2011, the Court granted the motion. (See Amended Order, filed Nov. 18, 2011.)[2] On February 5, 2013, Caraway moved for reconsideration of the Court's order authorizing the sale. On February 11, 2013, the Court denied Caraway's motion,[3] and Caraway, that same day, filed a petition for a writ of mandamus with the United States Court of Appeals for the Ninth Circuit. By order filed February 25, 2013, the Ninth Circuit construed Caraway's filing as a notice of appeal and, in light thereof, informed Caraway he could file in the district court a motion for a stay pending appeal. The instant motion followed.

## DISCUSSION

"A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). In determining whether to grant a stay pending appeal, the Court considers the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

---

[2] The original order was filed November 16, 2011; the changes made by the amended order pertain only to post-sale matters and are not relevant to the instant motion.

[3] The Court issued its memorandum of decision the following day.

1  (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of
2  the stay will substantially injure the other parties interested in the proceeding; and
3  (4) where the public interest lies." Id. at 434.

Here, with respect to the first factor, plaintiff asserts there are "serious issues on the merits" because, due to health problems, he did not file an opposition to the government's September 9, 2011 motion for an order authorizing the sale. (See Pl.'s Mot. at 3:26-28.) In its memorandum of decision, however, the Court considered Caraway's stated health issues and found such matters did not prevent his filing a timely opposition. (See Mem. of Dec'n, filed Feb. 12, 2013, at 5:14-6:11.) Moreover, and more importantly, the Court determined any such opposition likely would have been to no avail. (See id. at 6:19-20 (noting "[o]nce . . . tax liability is established, the granting of a motion for a forced sale pursuant to § 7403 is almost inevitable").)[4]  The Court thus finds Caraway has failed to make the requisite showing that he is likely to succeed on the merits, see Nken, 272 U.S. at 434 (holding "[t]t is not enough that the chance of success on the merits be better than negligible") (internal quotation and citation omitted), and, consequently, the first factor weighs against a stay.

Although the second factor weighs in favor of a stay, as Caraway risks the loss of the subject real property, he is not without recourse, as he could be compensated for such loss out of the proceeds of the sale.

Each of the two remaining factors weighs against a stay. The government would be prejudiced by any further delay in the sale of the property, as the above-titled action has been pending for close to five years and Caraway has already delayed payment of his tax obligations for eighteen years. The public's interest likewise lies in the timely collection of unpaid taxes, and the government has already expended additional public resources in

---

[4] In October 2012, Caraway filed five amended tax returns and, based thereon, received from the IRS revised statements of his tax liability. (See Stier Decl. Exs. A-E; Caraway Decl. ¶ 7 & Ex. 1.) Any such reduction, however, has no bearing on the propriety of the above-referenced judgments determining Caraway's tax liability, the latter of which was issued almost a year and a half prior to his filing said amended returns.

3

having to re-advertise the property on at least one prior occasion.

## CONCLUSION

The Court, having considered and weighed the relevant factors, finds Caraway has failed to show a stay is warranted, and, accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 1, 2013

MAXINE M. CHESNEY
United States District Judge