UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS R. CARAWAY; FREMONT BANK; STATE OF CALIFORNIA FRANCHISE TAX BOARD; STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT; SAN JOAQUIN COUNTY DISTRICT ATTORNEY'S OFFICE, FAMILY SUPPORT DIVISION; CHESTER J. GILBERT; COLLECTRONICS, INC.; JOHN EGGLI; COLLECTION BUREAU OF CALIFORNIA; AMANDA AND FRED HUMMEL; STEPHEN CARAWAY; FLORENCE LINOR REGE; C. THOMAS BISCARDI, ESTATE OF LORRAINE K. CARAWAY, and PATRICK R. GILES,<br><br>　　　Defendants. | Case No. C-08-04371-MMC<br><br>GRANTING UNITED STATES' [PROPOSED] ORDER ~~TO APPEAR OR PLEAD~~ MOTION TO SERVE ESTATE BY PUBLICATION; DIRECTIONS TO PARTIES |

The United States of America, through undersigned counsel, has moved for an order under 28 U.S.C. § 1655 compelling the Estate of Lorraine Caraway, and/or any heirs, legatees, devisees or any person or entity claiming an interest through Lorraine Caraway or her Estate, to appear or plead by a day certain and for leave to serve that order by publication.

## BACKGROUND

On September 17, 2008, the United States brought this action to foreclose federal tax liens against a parcel of real property ("subject property") located in San Mateo County, California. The United States sought to foreclose the tax liens and sell the subject property to satisfy, in part, unpaid federal income tax assessments against Defendant Douglas Caraway. The United States submitted a declaration indicating that defendant Douglas Caraway conveyed a 17% interest in the subject property to Lorraine Caraway prior to her death in 2002. See Declaration of Kathryn Clark, ECF 179-1.

Pursuant to 26 U.S.C. § 7403(b), all parties who may claim an interest in the subject property are to be named as a party to the action.  The United States failed to name Lorraine Caraway or her estate as a party to this action.  Subsequently, the IRS attempted to sell the property at auction pursuant to the Second Amended Judgment and Decree of Sale, however, the purchaser was unable to obtain title insurance because of the 17% interest of Lorraine Caraway.  See Declaration of Kathryn Clark, ECF 179-1.

Defendant, Douglas Caraway, filed a Motion for Relief from Order, filed August 12, 2016, which came before the court for hearing on September 23, 2016.  After hearing argument, the Court entered an Order on September 23, 2016, ordering the United States to file an amended Complaint adding the Estate of Lorraine Caraway as a party to this action, and to either serve the Estate of Lorraine Caraway or to request service by publication pursuant to 28 U.S.C. § 1655, accompanied by an affidavit in support thereof, and a proposed order.

The United States has filed a First Amended Complaint adding the Estate of Lorraine Caraway as a defendant, and a Second Amended Complaint adding the unknown heirs of Lorraine Caraway as defendants. Because Lorraine Caraway died in Sparks, Nevada, Washoe County, Revenue Officer Robert C. Kalman in Reno, Nevada, was asked to research county records to determine if the Estate of Lorraine Caraway was probated since her death in 2002.  See ECF 190-1, Lorraine Caraway's death certificate.   Revenue Officer Kalman researched records in Washoe County and determined that no probate had been opened for Lorraine Caraway's estate.  The United States submitted Revenue Officer Kalman's Declaration in support of its Motion for Leave to Serve the Estate of Lorraine Caraway by Publication, setting forth the above facts as to his investigation.

C-08-04371-MMC                                                         2

1   Before the Court is the United States' Motion for Leave to Serve the Estate of Lorraine Caraway by Publication. For good cause shown, it is hereby ORDERED that:

1. The United States' Motion is GRANTED;

2. The Estate of Lorraine Caraway and/or any heir, devisee, legatee or any person or entity claiming an interest through the Estate of Lorraine Caraway, shall appear or plead in this matter not later than eight weeks from the date of entry of this Order;

3. Notice of this Order shall be published in an approved newspaper for Washoe County, Nevada, the residence of Lorraine Caraway at her date of death, and San Mateo County, California, the location of the subject property, and shall appear in those newspapers not less than once per week for a period of not less than six consecutive weeks, the first such publication appearing no later than one week from the date of entry of this Order;

4. The United States shall file with the Court a certification of publication upon completion of the requirements of paragraph 3, above.

SO ORDERED this __1__ day of November, 2016.

MAXINE M. CHESNEY
United States District Judge