UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff.<br>v.<br>DOUGLAS R. CARAWAY, et al.,<br>Defendants. | Case No. 08-cv-04371-MMC<br><br>**JUDGMENT IN A CIVIL CASE**<br>Re: Dkt. No. 264 |

**( ) Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**(X) Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

The real property located at 734 Neal Avenue, San Carlos, CA (the "Subject Property") having been sold at private sale (see Dkts Nos. 254, 257), the Court hereby determines the merits of all claims to and liens upon the Subject Property as follows:

1. Plaintiff United States of America is entitled to payment for federal taxes owed as follows: (1) for tax years 1999 through 2004, a total sum of $201,874.86; and (2) for tax years 1995 and 1998, a total sum of $22,849.29. (See Dkt Nos. 224, 254.)

2. Defendant Fremont Bank is entitled to payment of a total sum of $161,177.72 in relation to two Deeds of Trust recorded on January 15, 1992. (See Dkt Nos. 82, 254.)

3. Defendant State of California Franchise Tax Board is entitled to payment of a total sum of $74,237.98 for California income taxes owed for tax years 1995, 1996, 1997, 1999, 2000, 2001, 2002, and 2003. (See Dkt. Nos. 180-2, 254.)

4. Defendant State of California Employment Development Department is entitled to payment of a total sum of $79,124.31 for California employment taxes owed for the period from July 1, 1992 through December 31, 1995. (See Dkt Nos. 180-1, 254.)

5. Defendant Chester J. Gilbert is entitled to payment of a total sum of $58,932.14 in relation to a judgment recorded on December 19, 2000, and has disclaimed any right, title, claim, lien, or other interest in the Subject Property in relation to having been assigned a Deed of Trust recorded on October 18, 1998. (See Dkt. Nos. 155, 245-3, 254.)

6. Defendant Patrick R. Giles is entitled to payment of a total sum of $30,405.39 in relation to a judgment recorded on December 29, 2011. (See Dkt. Nos. 212, 254.)

7. Non-party County of San Mateo is entitled to payment of a total sum of $4218.67 for owed taxes. (See Dkt. No. 254.)

8. Non-party First American Title Company is entitled to payment of a total sum of $150 for notary and signing fees. (See id.)

9. Non-party Keller Williams is entitled to payment of a total sum of $36,570 as a commission. (See id.)

10. Non-party Dwell Realtors, Inc. is entitled to payment of a total sum of $30,475 as a commission. (See id.)

11. Non-party Internal Revenue Service is entitled to payment of a total sum of $41,674.53 for federal taxes owed for tax years 2005-2011. (See id.)

12. Non-party William E. Taggart is entitled to payment of a total sum of $154,444.76 in relation to a judgment recorded on December 14, 2016. (See id.)

13. Non-party Karen Hawkins is entitled to payment of a total sum of $3296.92 in relation to a judgment recorded on December 14, 2016. (See id.)

14. Non-party Deckard Law Firm is entitled to payment of a total sum of $71,377.38 in relation to a Deed of Trust recorded on January 13, 2017. (See id.)

15. Non-party Goodman Law Corporation is entitled to a payment of a total sum of $18,992. (See id.)

16. Defendant Douglas R. Caraway is entitled to any remaining proceeds from the sale of the Subject Property. (See id.)

17. Defendant San Joaquin County District Attorney's Office, Family Support Division has disclaimed any and all right, title, claim, lien, or other interest in the Subject Property. (See Dkt. No. 5.)

18. Defendant John Eggli has disclaimed any and all right, title, claim, lien, or other interest in the Subject Property. (See Dkt. No. 6.)

19. Defendant Collection Bureau of America, erroneously sued as Collection Bureau of California, has disclaimed any and all right, title, claim, lien, or other interest in the Subject Property. (See Dkt. No. 102.)

20. Defendant C. Thomas Biscardi has disclaimed any and all right, title, claim, lien, or other interest in the Subject Property. (See Dkt. No. 7.)

21. Defendant Collectronics, Inc. has no right, title, claim, lien, or other interest in the Subject Property, as any judgment lien it may have had against the Subject Property is no longer valid. (See Dkt Nos. 15, 254); see also Cal. Code Civ. Proc. § 697.310(b) (providing judgment lien "continues until 10 years from the date of entry of the judgment").

22. Defendant Amanda Hummel has no right, title, claim, lien, or other interest in the Subject Property, default judgment having been entered against said defendant. (See Dkt. Nos. 256, 262.)

23. Defendant Fred Hummel has no right, title, claim, lien, or other interest in the Subject Property, default judgment having been entered against said defendant. (See Dkt. Nos. 256, 262.)

24. Defendant Florence Linor Rege has no right, title, claim, lien, or other interest in the Subject Property, default judgment having been entered against said defendant. (See Dkt. Nos. 256, 262.)

25. Defendant Stephen Caraway has no right, title, claim, lien, or other interest in the Subject Property, any such interest having passed to defendant Douglas R. Caraway upon the death of defendants Stephen Caraway and Lorraine Caraway. (See Dkt No. 252.)

26. Defendants Estate of Lorraine K. Caraway and Unknown Heirs of Lorraine K. Caraway have no right, title, claim, lien, or other interest in the Subject Property, any such interest having passed to defendant Douglas R. Caraway upon the death of defendants Lorraine Caraway and Stephen Caraway. (See Dkt No. 252.)

**IT IS SO ORDERED AND ADJUDGED**

Dated: 5/31/2017

Susan Y. Soong, Clerk

Tracy Geiger
Deputy Clerk